Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL & STEPHANIE MULLOY, <br><br> Plaintiffs, <br><br> v. <br><br> DYNAMIC RECOVERY SERVICES, INC., <br><br> Defendant. | **COMPLAINT** <br><br><br> Case no: 2:10-cv-00894-BCW <br><br><br> **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiffs' claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiffs, Michael and Stephanie Mulloy ("Plaintiffs"), are each a natural person

1

residing in Salt Lake County, Utah.

4. Defendant, Dynamic Recovery Services, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiffs are each a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiffs. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken, including threatening that a lawsuit would be filed against Plaintiffs, where Defendant had no actual knowledge of plans for a lawsuit and there was no imminent threat of a lawsuit being filed against Plaintiffs. Within the 12 months preceding this lawsuit, Defendant threatened that Plaintiffs would be sued on July 6, 2010. Defendant never filed such a suit, meaning that the threat was false when made (§ 1692e(5)).

10. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, including making a settlement offer that would have allowed Plaintiffs to pay over 4 payments, and then denying that such an offer had been made in a later telephone call (§ 1692e(10)).

11. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiffs, including using an abusive and overly aggressive tone against Plaintiff Michael Mulloy over the phone (§ 1692d(2)).

12. Harassing Plaintiff Stephanie Mulloy at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer, then saying "I don't care where you are," implying that Plaintiff should expect further calls (§ 1692c(a)(1)(3)).

13. As a result of the aforementioned violations, Plaintiffs suffered and continue to suffer injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16. To the extent Defendant's actions, detailed in paragraphs 8-13, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiffs reincorporate by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiffs and against Defendant for violations of the FDCPA, §§ 1692e(5), 1692e(10), 1692d(2) and 1692c(a)(1)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages pursuant to 15 U.S.C. 1692k;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as may be just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

Dated this 10th day of September, 2010.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFFS' ADDRESS**
Taylorsville, UT

4